963 F.2d 375
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edwin David WENNERSTROM, Defendant-Appellant.
 No. 91-3845.
 United States Court of Appeals, Seventh Circuit.
 Argued May 20, 1992.
Decided May 29, 1992.
 
 Before CUDAHY and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 Order
 
 1
 A grand jury was investigating whether George Richmond was selling cocaine to employees of Allied Products in South Bend. Edwin Wennerstrom, an employee of Allied who endorsed at least one salary check to Richmond, testified that he had never used cocaine and that although he paid Richmond money to buy gold, he did not pay for drugs with his salary checks. The grand jury charged Wennerstrom with making a material false declaration, in violation of 18 U.S.C. § 1623, when he denied using cocaine.
 
 
 2
 At trial Wennerstrom conceded that he used cocaine, which he purchased from Richmond every two or three days between 1985 and 1989; he defended on the ground that his personal use of cocaine was not material to the grand jury's investigation. The district judge determined that the answer was material and so instructed the jury. Wennerstrom does not contest the resolution of this issue by the court but reiterates his position that the answer was immaterial, given that the grand jury had the canceled checks.
 
 
 3
 Wennerstrom's denial had the potential to throw the grand jury off the scent. It was not possible to question Wennerstrom about his cocaine dealings with Richmond if he denied that he ever used the substance. An answer is material if it could influence the investigation or dissuade the grand jury from pursuing a lawful inquiry. United States v. Picketts, 655 F.2d 837, 839 (7th Cir.1981); United States v. McComb, 744 F.2d 555, 563 (7th Cir.1984). Testimony on a subject within the scope of the investigation does not become immaterial merely because the grand jury already has some evidence. It is entitled to seek confirmation or refutation. Wennerstrom's testimony was material, and his conviction is
 
 
 4
 AFFIRMED.